UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

_____

| | |
|---|---|
| UNITED STATES | CRIM. NO. 10-0230-05 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| ANTONIO DEMETRIOUS FURLOW | MAGISTRATE JUDGE HORNSBY |

_____

**MEMORANDUM ORDER**

Before the Court is a Motion to Sever filed by Antonio Demetrious Furlow ("Furlow"). See Record Document 83. For the reasons set forth below, Furlow's motion is **DENIED**.

Furlow contends that the government has only charged him with one count– conspiracy to possess powder cocaine with intent to distribute–in an eight count indictment. He argues that "[g]iven the abundance of evidence against Furlow's co-defendants, which, on information and belief, includes hundreds of phone calls and hundreds, if not thousands, of photographs (many, if not most, of which would be inadmissible in a trial involving only Furlow), Furlow will be prejudiced unless his motion to sever is granted." [Record Document 83]. Further, "[c]ounsel for Furlow believes there is potential exculpatory evidence from a co-defendant or co-defendants that will not be available if the co-defendant or co-defendants assert their Fifth Amendment rights at trial." Id.

Federal Rule of Criminal Procedure 8(b) provides that when multiple defendants are alleged to have participated in the same act or transaction, they may be charged together in the same indictment. The propriety of joinder will often be assessed by looking to the allegations contained in the indictment. See United States v. Chagra, 754 F.2d 1186, 1188

(5th Cir.1985). Moreover, "[t]here is a preference in the federal system for joint trials of defendants who are indicted together," particularly when a conspiracy charge is involved. Zafiro v. United States, 506 U.S. 534, 537, 113 S.Ct. 933, 937, 122 L.Ed.2d 317 (1993); United States v. Neal, 27 F.3d 1035, 1045 (5th Cir.1994). Joinder of defendants charged with conspiracy may be proper even when some of the conspirators participated only in some aspects of the scheme. See United States v. Lindell, 881 F.2d 1313, 1318 (5th Cir.1989).

> Federal Rule of Criminal Procedure 14(a) provides:
>
>> If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

In order to obtain a Rule 14 severance, the defendant must make a showing of specific and "compelling prejudice." United States v. Richards, 204 F.3d 177, 193 (5th Cir.2000), *overruled on other grounds by* United States v. Longoria, 298 F.3d 367, 372 & n. 6 (5th Cir.2002); United States v. Coppola, 788 F.2d 303, 307 (5th Cir.1986).

The government correctly notes, in its response, that the Fifth Circuit recognizes a strong presumption that "persons indicted together should be tried together, especially in a conspiracy case." United States v. Rodriguez, 553 F.3d 380, 394 (5th Cir. 2008) (internal citations omitted). Here the indictment states that "the defendants . . . did knowingly and intentionally conspire and agree together to distribute and to possess with the intent to distribute five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine hydrochloride, also known as powder cocaine, a Schedule II controlled

substance." [Record Document 8]. Furlow's charge and the charges against his co-defendants all allege participation in this conspiracy, therefore it is appropriate to try the defendants together. Furthermore, the possibility that evidence against a co-defendant may "spill over" onto the defendant is insufficient to demonstrate compelling prejudice, particularly when the court gives limiting instructions. See United States v. Henthron, 815 F.2d 304, 308 (5th Cir.1987).

In addition, Furlow argues that exculpatory evidence will not be available because his co-defendants may "assert their Fifth Amendment rights at trial." [Record Document 83]. "Specifically, Furlow believes that JeCarlos Montrae Carter and Tenisha DeShea Carter, his ["]common law["] brother-in-law and sister-in-law, respectively, would testify, if they were not part of Furlow's trail, that Furlow did not buy or sell cocaine from, with, or to them and did not conspire to buy or sell cocaine from, with, or to them." Id. Under these circumstances, severance might be granted to protect the Sixth Amendment right to compulsory process, which is considered a special trial right. United States v. Barnett, 197 F.3d 138, 145 (5th Cir.1999) ("Nor was severance required so that the testimony of a coconspirator could be compelled without violating the coconspirator's fifth amendment rights."). To prevail on his claim that a separate trial is necessary to obtain exculpatory evidence, Furlow must show: "(1) a bona fide need for the testimony; (2) the substance of the testimony; (3) its exculpatory nature and effect; [and] (4) that the co-defendant would in fact testify if severance were granted." United States v. Villarreal, 963 F.2d 725, 732 (5th Cir.1992). Under that test, without an affidavit from the co-defendant himself or other similar proof, "conclusory allegation[s]" that a co-defendant would testify and what he or she would testify about is not sufficient. See United States v. Sparks, 2 F.3d 574, 583 &

n. 10 (5th Cir.1993) (listing precedent); United States v. Neal, 27 F.3d 1035, 1047 (5th Cir.1994).  The Fifth Circuit has often repeated that "[r]epresentations by the defendant's attorney are not sufficient."  United States v. Nguyen, 493 F.3d 613, 625 (5th Cir. 2007) (internal citations omitted).  Furlow has provided this Court with no affidavits from his co-defendants as to the content of their supposed testimony.  Therefore;

    **IT IS ORDERED** that Furlow's Motion to Sever (Record Document 83) be and is hereby **DENIED**.

    **THUS DONE AND SIGNED** in Shreveport, Louisiana, this 7th day of December, 2010.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE